# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

Steven Fernandes, Jr., )
        Petitioner, )
vs. ) No. 05-3319-CV-S-FJG
Robert McFadden, Warden, )
        Respondents. )

## ORDER AND JUDGMENT

Pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri, the petition herein for a writ of habeas corpus was referred to the United States Magistrate for preliminary review under the provisions of 28 U.S.C. § 636(b).

The United States Magistrate has completed his preliminary review of the petition herein for a writ of habeas corpus and has submitted to the undersigned a report and recommendation that the petition for a writ of habeas corpus be dismissed without prejudice.

Petitioner has filed exceptions to the report and recommendation of the Magistrate in which he continues to assert that under the "savings clause" of 28 U.S.C. § 2255, the Court may possess jurisdiction under 28 U.S.C. § 2241 to determine the legality and constitutionality of his sentence. He contends that, consistent with Abdullah v. Hedrick, 392 F.3d 957, 960 (8th Cir. 2004), there is no current ability to determine whether he will ever have "an unobstructed procedural opportunity to raise the claim." It is his position that he has made a claim of actual innocence, and that because § 2255 may be ineffective or inadequate to afford him a means to assert his claims under United States v. Booker, 543 U.S. 220 (2005), the Court may possess jurisdiction under § 2241 to determine the legality

and constitutionality of his sentence.

Petitioner contends that he is actually and factually innocent of his unconstitutionally enhanced sentence, which he asserts was imposed in violation of Booker. It should be noted that all circuit courts considering the issue to date have held that the rule announced in Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit petitioners in collateral proceedings. See Never Misses A Shot v. United States, 413 F.3d 781 (2005), 783 -84 (8th Cir. 2005) (holding Booker does not apply retroactively on collateral review). The fact that petitioner may be barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate. Abdullah, 392 F.3d at 959. Additionally, the remedy is not inadequate or ineffective "simply because a new constitutional doctrine which could reduce a federal prisoner's existing sentence cannot be applied retroactively." Mosley v. Sanders, 2005 WL 2875055, *3 (E.D. Ark. Oct. 28, 2005), quoting United States ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.), cert. denied, 537 U.S. 869 (2002). "[U]nless and until the Supreme Court rules that Blakely or Booker applies retroactively to past criminal convictions, Petitioner may not raise a claim based on these decisions in a second §2255 or a § 2241 habeas petition." Mosley, 2005 WL 2875055, *4.

Having fully reviewed the record de novo, the Court agrees with the Magistrate that the petition should be dismissed on the grounds that it is not properly before this Court. Regardless of petitioner's assertions, he has failed to demonstrate that the §2255 remedy is an ineffective or inadequate vehicle to test the legality of his conviction or sentence. Accordingly, the Court finds that the conclusion of the Magistrate should be approved.

Based on the file and records in this case, it is concluded that the findings of fact,

conclusions of law, and proposed actions of the Magistrate are correct and should be approved. It is therefore

ORDERED that petitioner's exceptions filed herein be, and they are hereby, considered and overruled. It is further

ADJUDGED that the petition herein for a writ of habeas corpus be, and it is hereby, dismissed without prejudice.

                                            /s/ Fernando J. Gaitan, Jr.
                                            Fernando J. Gaitan, Jr.
                                            United States District Judge

Date: April 26, 2006